FILED
APR 21 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAIME L. BYNOE,<br><br>Petitioner. | Cr. No. 91-559-03 (TFH) |

## MEMORANDUM OPINION

Pending before the Court is Jaime L. Bynoe's ("Petitioner's") Motion for Consideration Pursuant to U.S.S.G. § 5K2.0 and 18 U.S.C. §§ 3553(a)-(b), 3582(c)(B)(2), and Motion for Post-Sentencing Rehabilitation and Extraordinary or Exceptional Circumstances Pursuant to 28 U.S.C. §§ 991(b)(1)(B), 994(k). Petitioner argues that his sentence should be reduced due to his rehabilitation during incarceration. Upon careful consideration of Petitioner's motions, the United States' response, and the entire record herein, the Court will deny the motions in part. To the extent Petitioner's motions are essentially successive motions for relief pursuant to 28 U.S.C. § 2255, the Court will dismiss the motions and transfer them to the United States Court of Appeals for the District of Columbia Circuit (hereafter the "D.C. Circuit") for a determination whether the filing of these successive motions is authorized.

## BACKGROUND

On September 25, 1991, Petitioner was indicted, along with several other defendants, in a 115-count superseding indictment charging various drug and firearm violations, murder, robbery, and operation of a continuing criminal enterprise. On February 4, 1999, Petitioner pled guilty to conspiracy to distribute and possession with intent to distribute a controlled substance, in



violation of 21 U.S.C. §§ 846 and 841(a)(1), and using and carrying a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924(c). On March 31, 1999, this Court sentenced Petitioner to a total of 157 months of imprisonment. On June 21, 2001, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This Court denied the motion on July 7, 2003. On August 28, 2003, Petitioner filed an appeal from the denial of his § 2255 motion. On August 26, 2004, Petitioner's motion for a certificate of appealability was denied. Before his certificate of appealability was denied, however, Petitioner filed the present Motion for Consideration and Motion for Post-Sentencing Rehabilitation and Extraordinary or Exceptional Circumstances. The government filed an opposition to these motions on February 8, 2005, and Bynoe filed a reply on March 21, 2005.

## II. DISCUSSION

### A.   This Court Lacks Authority to Modify Petitioner's Sentence.

The general purpose of Petitioner's motions is to request that this Court reduce his sentence based on his rehabilitation. In support of his motions, Petitioner submitted ample documentation of various vocational courses completed during the course of his incarceration. Petitioner also cites various statutory provisions in support of his motion, including 28 U.S.C. §§ 991(b)(1)(B) and 994(k). Neither of these provisions address sentence reduction. See 28 U.S.C. §§ 991(b)(1)(B), 994(k). Section 991(b)(1)(B) provides that one of the purposes of the United States Sentencing Commission is to:

> establish sentencing policies and practices for the Federal criminal justice system that . . . provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices.

28 U.S.C. § 991(b)(1)(B). This paragraph serves only to memorialize Congress's goals for the Sentencing Commission and therefore provides no basis for reducing Petitioner's sentence. Section 994(k) also does not help Petitioner. That section provides that "[t]he Commission shall insure that the guidelines reflect the <u>inappropriateness</u> of imposing a sentence to a term of imprisonment for the purpose of rehabilitating the defendant or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment." 28 U.S.C. § 994(k) (emphasis added). If anything, Petitioner's argument loses considerable credibility in light of that provision, which specifically refutes the contention that the purpose of sentencing defendants should be rehabilitation.

Similarly, § 5K2.0 of the United States Sentencing Commission Guidelines Manual (hereafter the "Sentencing Guidelines") and 18 U.S.C. §§ 3553(a)-(b) (2005), also cited by Petitioner, deal exclusively with the factors a court should consider when sentencing a defendant. Section 5K2.0 of the Sentencing Guidelines simply summarizes the reasons the Sentencing Commission included in § 5K2 the provisions relating to upward and downward departures. U.S.S.G. § 5K2.0. Petitioner's citation to 18 U.S.C. § 3553 also is to no avail because that section deals only with the "imposition of a sentence," not altering a sentence at a later date. 18 U.S.C. § 3553. Thus, neither of these sections provide any guidance when considering a post-sentencing reduction.

Petitioner also seeks to have his sentence reduced pursuant to 18 U.S.C. § 3582(c). Section 3582(c) is the sole means by which a District Court may modify a legally-imposed sentence, providing in pertinent part that:

> The court may not modify a term of imprisonment once it has been imposed except that —

> (1) in any case –
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . .
> >
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment . . . .

18 U.S.C. § 3582(c) (2005). Thus, § 3582 provides that the Court may reduce Petitioner's sentence when (1) the Director of the Bureau of Prisons has moved to reduce the term of imprisonment, (2) Federal Rule of Criminal Procedure 35 or a statutory provision allows for such a reduction, or (3) the Sentencing Commission has reduced the sentencing range applicable to the offense for which the defendant has been imprisoned. If none of these scenarios is present in this case, then Petitioner's motions must be denied. See, e.g., United States v. Morris, 116 F.3d 501, 504 (D.C. Cir. 1997) ("Under 18 U.S.C. § 3582(c) a court may modify a sentence only in three circumstances . . . ."); United States v. Bedonie, 413 F.3d 1126, 1129 (10th Cir. 2005) (quoting United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996), for the proposition that "'a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so'").

The Court has considered each of these scenarios in turn. In this case, it is clear that the first scenario does not apply given that the Director of the Bureau of Prisons has not moved to reduce the term of imprisonment. With regard to the second scenario, there is no statutory provision that provides for such a reduction, and Rule 35 of the Federal Rules of Criminal

Procedure only allows for a sentence modification when the sentence "resulted from arithmetical, technical, or other clear error," Fed. R. Crim. P. 35(a), or on the government's motion when the defendant provided "substantial assistance in investigating or prosecuting another person," Fed. R. Crim. P. 35(b)(1)(A). Neither option applies here. Finally, the Sentencing Commission has not reduced the sentencing range applicable to Petitioner's offense; consequently, his argument under 18 U.S.C. § 3582(c) must fail because his asserted rehabilitation is not an authorized reason to reduce his sentence.

The Court also notes that, in some cases, "sentencing courts may consider post-conviction rehabilitation at resentencing" when determining whether to grant a downward departure. United States v. Rhodes, 145 F.3d 1375, 1379 (D.C. Cir. 1998). This, however, is only applicable in the infrequent case where a *de novo* sentencing hearing is required after imprisonment has commenced because the outcome of an initial sentencing hearing was overturned on appeal. See generally id. at 1378-82; Morales v. United States, 353 F. Supp. 2d 204, 205 (2005) (provisions of the U.S. Sentencing Guidelines that allow for downward departure based on post-sentencing rehabilitation "apply to the sentencing court in the first instance; they provide no authority for a reviewing court to set aside or modify a sentence").

**B.    The Supreme Court's Decision in United States v. Booker Does Not Affect the Court's Authority to Modify Petitioner's Sentence.**

In his reply brief, Petitioner relies on the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), to support his request for a sentence reduction. It is unclear whether Petitioner is basing his Booker argument on constitutional grounds or whether he is contending that the determination that the Sentencing Guidelines are merely advisory rather than mandatory, see id. at 756-57, is akin to a reduction in the applicable sentencing range as

described in 18 U.S.C. § 3582(c)(2). In either event, however, Booker provides no basis for the Court to grant Petitioner a sentence reduction.

Although 18 U.S.C. § 3582(c)(2) provides for a reduction when the sentencing range has been lowered by the Sentencing Commission, no such lowering has occurred with regard to Petitioner's sentencing range. Whereas the Booker decision rendered the Sentencing Guidelines advisory only, the actual sentencing ranges established in the Sentencing Guidelines were not otherwise altered by the Sentencing Commission. The decision in Booker therefore is inapplicable to a request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). E.g., United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (noting that "Booker is inapplicable to § 3582(c)(2) motions").

Furthermore, to the extent Petitioner refers to Booker as a "constitutional holding" in an attempt to add a constitutional dimension to his claim, then his response is properly understood to be a motion for relief pursuant to 28 U.S.C. § 2255, which provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

An attack on a sentence that cites Booker on constitutional grounds thus falls within the ambit of 28 U.S.C. § 2255. Petitioner has already litigated a § 2255 motion before this Court. Accordingly, Petitioner's pending motions necessarily must be deemed to be second or successive motion under § 2255 that this Court may not entertain unless Petitioner obtains the required certification from the D.C. Circuit. 28 U.S.C. § 2255 ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals."). Accordingly, the Court

will dismiss the motions in part and transfer Petitioner's motions to the D.C. Circuit for a determination whether to authorize the filing of these successive requests for relief pursuant to 28 U.S.C. § 2255.

### III. CONCLUSION

For the foregoing reasons, the Court will deny in part Petitioner's Motion for Consideration Pursuant to U.S.S.G. § 5K2.0 and 18 U.S.C. §§ 3553(b), 3582(c)(B)(2), and Motion for Post-Sentencing Rehabilitation and Extraordinary or Exceptional Circumstances Pursuant to 28 U.S.C. §§ 991(b)(1)(B), 994(k). To the extent Petitioner's motions are essentially successive motions for relief pursuant to 28 U.S.C. § 2255, Petitioner's motions will be dismissed and transferred to the D.C. Circuit for a determination whether to authorize the filing of these successive motions. An appropriate order will accompany this opinion.

April 17th, 2006

Thomas F. Hogan
Chief Judge